UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY DAVIS (#102252) | CIVIL ACTION |
| VERSUS | |
| RAMAN SINGH, ET AL. | NO. 16-0552-JWD-EWD |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 2, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY DAVIS (#102252)                                        CIVIL ACTION

VERSUS

RAMAN SINGH, ET AL.                                            NO. 16-0552-JWD-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Set Aside Entry of Preliminary Default (R. Doc. 11).  This Motion is not opposed.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action on August 29, 2016 pursuant to 42 U.S.C. § 1983 against Medical Director Raman Singh, Dr. Randy Lavespere, Secretary James LeBlanc, Warden Darrell Vannoy and Ass't Warden Stephanie Lamartiniere, complaining that Defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically through a failure to provide adequate treatment or surgical intervention for his inguinal hernia(s) and hemorrhoids.

Defendants were served on November 14, 2016.  *See* R. Doc. 6.  On January 12, 2017, upon the failure of Defendants, after service of process, to appear or respond to Plaintiff's Complaint, the Clerk of Court entered a preliminary default against Defendants.  *See* R. Doc. 8. Thereafter, on January 20, 2017, Plaintiff moved to obtain a default judgment against Defendants and to determine appropriate relief and compensatory damages.  *See* R. Doc. 9.  Defendants, however, have since filed an Answer to Plaintiff's Complaint, asserting procedural and substantive defenses to the allegations made therein.  *See* R. Doc. 10.  In addition, through the filing of the

instant Motion (R. Doc. 11), Defendants have moved to set aside the entry of the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. In support thereof, counsel for Defendants asserts that Defendants' failure to timely respond to Plaintiff's Complaint was inadvertent and, at most, amounted to excusable neglect. Moreover, counsel represents that Plaintiff will not be prejudiced by the grant of the instant motion to set aside the entry of the default.

Rule 55(a) provides that, upon the failure of a defendant, after service of process, to file a pleading or otherwise defend, the Clerk of Court shall enter a default against that defendant. Thereafter, pursuant to Rule 55(b), Plaintiff must apply to the Court for entry of a judgment of default. A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999). In addition, the decision to set aside a default lies within the sound discretion of the district court. *Id. See also United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir. 1985). Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play. *Id. See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 3d* § 2690 (1998).

In determining whether to set aside an entered default, the district court should consider (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Property, supra*, 763 F.2d at 183. The standard for setting aside a default is less rigorous even than that for setting aside a judgment for excusable neglect. *Id.*, 763 F.2d at 183.

Applying this standard to the instant case, the Court concludes that the entry of default should be vacated. While the question of Defendants' willfulness is not really addressed in the Motion to Set Aside Entry of Preliminary Default,[1] the minimal delays attendant to Defendants'

---

1   The Motion only addresses the fact that counsel for Defendants was only assigned the case

failure to timely answer will not prejudice Plaintiff in presenting his case and Defendants have raised defenses in their Answer which may prove meritorious.  Accordingly, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed through discovery and, if necessary, to trial on the merits.

### RECOMMENDATION

It is recommended that Defendants' Motion to Set Aside Entry Preliminary of Default (R. Doc. 11) be granted, vacating and setting aside the default entered herein on January 12, 2017.  It is further recommended that Plaintiff's Ex Parte Motion to Finalize Default Judgment (R. Doc. 9) be denied, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on March 2, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

one day before the Clerk's default was entered but does not address that delay in light of the fact the Defendants were served almost 2 months prior to retention of defense counsel.